T. J. POWELL, Administrator, etc., Defendant in Error, v. C. O. BOSARD et al., Plaintiff in Error.

### St. Louis Court of Appeals, April 18, 1899.

Promissory Note: ACTION ON: PAYEE'S DEATH: COMPETENCY OF JOINT MAKER'S TESTIMONY. In the case at bar it is contended that one of the makers of the note in question should have been permitted to testify that the deceased payee released her from any obligation to him thereon, by giving the note to her codefendant. Held, that such testimony would have been necessarily prejudicial to the rights of the deceased under her written contract to pay him, the amount evidenced by the note, and the statute closes her lips.

*Appeal from the Audrain Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

W. W. FRY for respondent.

This court has no jurisdiction. The case was brought here by writ of error and no notice. Revised Statutes 1889, section 2290, provides that every person suing out a writ of error shall cause notice thereof in writing to be served on the adverse party or his attorney twenty days before the return day of such writ. If said notice be not served the writ shall be dismissed. "The notice required by the statutes supplies the place of a summons." Williams v. Bick, 63 Mo. App. 149; Macklin v. Allenberg, 100 Mo. 337. In Williams v. Bick both parties had filed abstracts and briefs, yet the court at that stage dismissed the writ and said it was technical yet "it is important that the practice be settled." The practice was by that decision settled. *Stare decisis et non duita movere.* If we have any regard for this doctrine of *stare decisis* this writ should be dismissed. The contract set up in the answer was made by Peter Bosard when not under guardianship. The reply pleads mental incapacity of deceased when the contract was entered into and asks the same to be canceled. This presented an action in equity as has been repeatedly held. This was the issue in the case and was properly tried by the court. Rhoades v. Fuller, 139 Mo. 179-187; Wells v. Mutual, 126 Mo. 637; Girard v. St. Louis, 123 Mo. 372. There was no error in overruling defendant's motion to strike out all of the reply except the general denial. The reply to the agreement plead in the answer was want of mental capacity and pray for relief by canceling contract. This was a legimate defense to the new matter in the answer. Girard v. St. Louis, 123 Mo. 363; Dwyer v. Railroad, 66 Mo. 335. There is a technical objection to the motion that it did not designate the part to be stricken out. Robinson v. Rice, 20 Mo. 229; Patterson v. Hallister, 32 Mo. 478. An examination of the pleadings will show execution of the note sued on was admitted. There-

fore the contract set up by Charles Bosard in his answer and plea of mental incapacity in the reply submitted the only issues which were properly heard by the court of equity. Annie Bosard was a party defendant. The effect of her evidence if admitted would have been as to her acts and dealings with deceased, and would have released her from liability. The court was clear and correct in his rulings. R. S., sec. 8918. This case is here on writ of error and no errors except those that appear on the face of the record can be considered. This question can only be reviewed by appeal not under writ of error.

GEORGE ROBERTSON for plaintiff in error.

The petition is simply an action on a note. The defense of C. O. Bosard is that the note, among others, was given to him by his father for support and that it was paid off to him by Annie M. Bosard. The answer of Annie M. Bosard is payment; the reply denies the allegation of payment by Annie M. Bosard and alleges unsoundness of mind and incapacity of mind to make the contract set up by C. O. Bosard. These pleadings do not present an action in equity but one simply at law and the court erred in refusing to defendants a jury. Thais v. Seiner, 103 Mo. 314. "The right of trial by jury shall remain as heretofore inviolate." Const. of Mo., sec. 28, art. 2. All issues of fact in an action for the recovery of money only must be tried by a jury. R. S. 1889, sec. 2131; Regan v. McCoy, 29 Mo. 365; Donavan v. Barrett, 27 Mo. App. 460. The origin of the error lies in the refusal of the court to sustain a motion to strike out all of plaintiff's reply except the general denial. The answer of C. O. Bosard, also of Annie Bosard, set up payments; that of C. O. Bosard, payment in a certain way. The general denial of the reply put in issue all of the allegations of new matter of the answers. The part of the reply sought to be

stricken out was an avoidance of the contract set up by defendant C. O. Bosard and added nothing to the general denial; if it did, then the court could have tried that issue alone decided it and put the other issues to a jury. This is exactly the view taken by the circuit judge after trial, as indicated by his written opinion herein. The court simply tried the case as an issue at law, and this of itself refutes the position that it is an action in equity or becomes such by the reply. If the reply presented a defense, that defense alone should have been separated from the other issues and tried alone by the court. Hancock v. Blackwell, 139 Mo. 440. Annie M. Bosard is a competent witness in the case to prove the gift of the note by the father to the son. She would have testified that she was the principal in the note; that C. O. Bosard was her surety; that the father had delivered the note to the son in consideration of support, and that she had paid the note to the son. While she was not a competent witness to the original contract, she was a competent witness to the contract between the father and son as to the transfer of the note to the son, as she was no party to that contract. R. S. 1889, sec. 8918; Ring v. Jamison, 2 Mo. App. 584.

BOND, J.—The defendants gave their note to Peter Bosard for $350, dated October 31, 1892, due one year thereafter, with six per cent interest from date. The payee died on the fifteenth of March, 1895. Plaintiff is his administrator, and as such sues for the unpaid balance due on the note. Defendants answered separately, C. O. Bosard claiming to be the owner of the note under an express contract whereby it was given to him by the payee, his father, in consideration of services. Annie Bosard set up payment by her to her codefendant who she averred was the legal owner of the note. The reply was a general denial and an averment that the contract alleged in the answer was induced by fraud and undue inflence upon the mind of plaintiff's intestate when it

had become so weakened by disease as to render its possessor incapable of contracting. The case was tried by the court without a jury and a verdict and judgment rendered for plaintiff for the balance due on the note, from which this writ of error is prosecuted by defendants.

The first error assigned is that the action is one at law and should have been tried by jury. In answer to this contention it is only necessary to say that the judgment certified by the clerk in response to the writ of error herein contains the following recitals: "And thereupon this cause is called for trial, the parties announce themselves as ready, and neither party requiring a jury, the issues are submitted to the court, and the court sitting as a jury and having heard the evidence of witnesses and the argument of counsel and being fully advised doth on this February 3rd, 1897, find the issues for the plaintiff and doth assess the amount of his recovery at the sum of $337.25," concluding with a formal entry of judgment and award of execution.

It is next urged that Annie Bosard, one of the makers of the note, should have been permitted to testify that the deceased payee released her from any obligation to him thereon, by giving the note to her codefendant. Such testimony would have been necessarily prejudicial to the rights of the deceased under her written contract to pay him the amount evidenced by the note. As he was prevented by death from testifying on the subject of her release from liability to him, the statute closes her lips. R. S.

COMPETENCY of testimony of co-defendant. 1889, sec. 8918. The foregoing seems to be all the assignments of error argued in appellants' brief, but some allusion is made to the refusal of the court to strike out that portion of the reply of plaintiff which alleged fraud in the procurement of the contract pleaded in the answer. If this ruling were properly before us for review, we should hold that appellants were not harmed by it, since the record shows that no evi-

Powell v. Bosard.

dence was offered in support of the issue as to fraud in the obtension of the contract tendered by the reply, but the whole testimony was confined to the affirmative defense pleaded in the answer. This having been determined adversely to appellants by the court sitting as a jury, there is nothing before us to review and the judgment herein is affirmed. All concur. Judge Biggs in the result.

### CONCURRING OPINION BY JUDGE BIGGS.

The action of the circuit court in refusing to strike out portions of the reply is preserved in the record and is properly before us for review. The portions referred to were (1) that if the contract set forth in the answer was in fact entered into it was procured by fraud, misrepresentation and undue influence, and (2) that the deceased was by reason of old age and infirmity of mind, incapable of making a contract. Under our decision in Dwyer v. Railroad, 66 Mo. App. 335, and that of the supreme court in Och v. Railroad, 130 Mo. 27, these issues were improperly tendered in the reply and should have been stricken out. There was evidence introduced tending to prove the last issue, but as the defendant's evidence in support of the alleged defense was to the effect that the deceased expected and not that he had given all of his property to C. O. Bosard, in consideration of his maintenance during the remainder of his life, the refusal of the court to sustain the motion to strike out was harmless error. I am justified in this conclusion both by the evidence and the opinion of the trial judge. The latter, which appears in briefs of counsel, shows that in disposing of the issues the circuit judge did not consider the question of want of capacity, but took the view of the evidence as above suggested. I therefore concur in affirming the judgment upon the ground that it is for the right party.